Robert H. Spicer, San Antonio, for appellant.

Bill M. White, Dist. Atty., Keith W. Burris and Monica L. Donahue, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

**Jose R. IDROGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58136.**

Court of Criminal Appeals of Texas, En Banc.

July 18, 1979.

Rehearing Denied Sept. 19, 1979.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault. Punishment was assessed at four years and appellant was placed on probation.

In his only ground of error appellant argues the jury's verdict is contrary to the law submitted to them in the jury charge and requires a judgment of acquittal. The indictment in this case charged appellant

with murder. The court's instructions to the jury submitted the issue of appellant's guilt or innocence on the murder charge, but did not submit the offense of aggravated assault. The verdict forms submitted with the court's charge provided for finding appellant guilty of murder as charged in the indictment and for finding him not guilty. The foreman of the jury altered the verdict form for conviction to read that the jury found appellant guilty of aggravated assault instead of murder.

■ Article 36.13, V.A.C.C.P., provides that the jury ". . . is bound to receive the law from the court and be governed thereby." In accord with this statute the jury in this case received the customary instruction, ". . . you are bound to receive the law from the court which is herein given to you and be governed thereby." Under the charge of the court, the jury could lawfully return one of only two verdicts: guilty of murder as charged in the indictment or not guilty. The law of aggravated assault was not submitted in the charge and the jury was without authority to convict appellant of that lesser included offense.

■ It is fundamental error for a court to authorize conviction by jury instructions that omit even one element of the offense. See, e. g. *Cumbie v. State*, Tex.Cr.App., 578 S.W.2d 732, and authorities cited there. *A fortiori* there can be no lawful conviction for an offense that was not submitted in the charge at all.

Article 37.14, V.A.C.C.P., provides:

"If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted or any other inferior thereto."

Since aggravated assault is a lesser included offense of the murder alleged in this case, in the event of retrial appellant may not be convicted of murder (since the jury here impliedly found him not guilty of that offense, cf. Art. 37.10, V.A.C.C.P.), but he may, on a proper charge, be convicted of aggravated assault.

The judgment is reversed and the cause remanded.