Tony Allen JACKSON, Appellant,

v.

The STATE of Texas, State.

No. 2-83-189-CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 25, 1983.

John G. Tatum, Dallas, for appellant.

Kathy Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before HUGHES, BURDOCK and SPURLOCK, JJ.

OPINION

BURDOCK, Justice.

Appellant, Tony Allen Jackson, was convicted by a jury of the offense of aggravated robbery. The jury assessed punishment at fifty-five (55) years imprisonment.

We affirm.

Jackson alleges in three grounds of error that the trial court committed reversible error in refusing to:

1. grant Jackson's motion for mistrial upon discovering that an improper verdict form had inadvertently been submitted to the jury with the trial court's instructions;

2. grant Jackson's motion for mistrial for reason of remarks of the prosecutor in jury argument; and

3. apply the law of parties to the facts in the case in the court's charge during the guilt or innocence stage of the trial.

After both the State and defense had closed at the guilt or innocence phase of trial, the trial court prepared its instructions to the jury. When the court presented the prepared instructions to counsel for both sides, and asked the attorneys for any exceptions or objections to the court's charge, both prosecution and defense counsel replied there were none, whereupon the charge was read to the jury.

It appears that the jury was sequestered to deliberate their verdict, when it was discovered that the verdict form attached to the court's charge on aggravated robbery was for a murder case.

When the jury completed its deliberations, the foreman signed the verdict form which stated, "We, the jury find the defendant guilty of the offense of murder as charged in the indictment." It is stipulated that this was not a murder case and no evidence of murder was presented to the jury.

Prior to receiving the verdict, the court met with counsel in chambers. The court reporter was placed under oath and testified that she was a substitute reporter and in putting the charge together, reached in the file drawer marked aggravated robbery and read all of it except the verdict page which she assumed was correct. The trial judge further testified he read the charge and found it to be correct, but also neglected to read the verdict form attached. After the testimony of the trial judge and court reporter in chambers, the attorney for Jackson moved the court for a mistrial.

The jury then reconvened in the jury box, and the court announced that it was resubmitting the charge and to continue deliberations after the jury returned to the jury room. The court then denied the motion of defense counsel for a mistrial. The resubmitted jury charge was the same as the earlier one except the proper verdict form was used. Later the jury then returned a verdict of guilty to aggravated robbery on the corrected verdict form.

Jackson principally relies on *Idrogo v. State*, 589 S.W.2d 433 (Tex.Cr.App.1979). In *Idrogo*, the defendant was charged with murder, but evidence was raised of aggravated assault. The court charged the jury in the law of murder but omitted any reference to aggravated assault. The jury foreman altered the verdict form by changing murder to aggravated assault.

In deciding *Idrogo*, the Court of Criminal Appeals did not hold the alteration of the verdict form was error, but rather the failure to charge the jury on the elements of aggravated assault constituted reversible error. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979).

■ The error committed in the present case was harmless error. There are no cases exactly on point. However, we feel that the action of the jury foreman in *Idrogo*, is similar to this case. The only difference being the jury foreman in *Idrogo* altered the verdict form to reflect the right verdict where the foreman in this case did not. The desired verdict of the jury is clearly shown. As a result, we do not find reversible error. Appellant's first ground of error is overruled.

In appellant's second ground of error, it is alleged the prosecutor improperly argued outside of the record during the guilt or innocence stage of the trial.

The statement of prosecutor complained of is as follows:

"I fear to think what would have happened with Tony Allen Jackson standing there with a gun and realized who Mr. Alexander was. It's a reasonable deduction from the evidence, we might have had a murder case on our hands."

■ From a reading of the record, it clearly appears the argument was uncalled for and clearly outside the record. Immediately upon hearing the prosecutor's remarks, defense counsel objected. The objection was sustained by the court. Counsel did not ask the court to instruct the jury to disregard the prosecutor's remarks nor did counsel request a mistrial. No error has been preserved for review. *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974). Appellant's second ground of error is overruled.

In appellant's third ground of error he alleges that the trial court committed reversible error when it failed to charge the jury on the law of parties.

From the outset we note that counsel for appellant was given an opportunity to examine the court's charge with the exception of the verdict form. Counsel was asked by the trial court whether he had any exceptions or objections to the court's charge. Defense counsel replied that he did not.

When no objection was made to the court's charge to the jury, nothing is presented for review. *Brandon v. State,* 599 S.W.2d 567 (Tex.Cr.App.1979); *Mulchahey v. State,* 574 S.W.2d 112 (Tex.Cr.App. 1978).

The only exception to this rule is for fundamental error. To constitute fundamental error in this case, the charge must result in the rights of the defendant to be so injured as to deny him a fair and impartial trial.

In accordance with the standards set forth in *Cumbie v. State, supra,* we do not believe the court's charge in the instant case as being fundamentally defective. *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App. 1977).

In the instant case the court instructed the jury on the law of parties or criminal responsibility for the acts of another, but failed to apply the law of parties in the charge where the court applied the law to the facts.

The evidence here supports the charge and authorizes the jury to find that the appellant participated in the robbery. There is no need to rely on the theory of parties to support the conviction. *McCuin v. State,* 505 S.W.2d 827 (Tex.Cr.App.1974).

Judgment is affirmed.