**Billy Herbert HARGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–85–0091–CR.**

Court of Appeals of Texas, Tyler.

Oct. 27, 1986.

Rehearing Denied Nov. 26, 1986.

Billy Herbert Hargett, pro se.

Billy Bandy, Asst. Dist. Atty., Athens, for appellee.

COLLEY, Justice.

Billy Herbert Hargett was convicted by a jury of delivery of marihuana by actual transfer. The trial judge assessed punishment at ten years' confinement. Hargett represents himself before this court, and presents two points of error claiming, first, a fatal variance between the State's allegation and its proof, and second, that the evidence is insufficient to support his conviction. We will sustain both points of error.

The indictment returned against Hargett on May 11, 1984, alleges, in pertinent part, that on or about February 22, 1984, Hargett did "knowingly and intentionally deliver *by actual transfer* a usable quantity of marihuana ... to Pat Henderson, for remuneration." (Emphasis added.) Following the close of the evidence at the guilt-innocence phase, the trial court submitted the case to the jury. The portion of the court's charge applying the law to the facts authorized the jury to convict Hargett only if they found from the evidence beyond a reasonable doubt that Hargett "did intentionally and knowingly deliver, by actual transfer, [the marihuana] to Pat Henderson for remuneration, as alleged in the indictment." No charge, abstract or otherwise, was given the jury respecting the law of parties under Tex.Penal Code Ann. § 7.01–.03 (Vernon 1974). The State having alleged a delivery of the substance by "actual delivery" was required to prove that allegation. *Davila v. State*, 664 S.W.2d 722, 724 (Tex.Cr.App.1984); *Frank-*

lin *v. State*, 659 S.W.2d 831, 833–34 (Tex. Cr.App.1983).

The evidence reveals that two undercover agents[1] drove to the residence of Hargett and his then wife, Kathy, located in Henderson County. Kathy met the officers at the door of the residence and invited them to enter the dwelling. Then Kathy introduced the officers to Hargett. The officers both testified, in slightly different language, that Kathy asked them what they were looking for or what they wanted. One of the officers informed Kathy that they wanted a "quarter pound or half pound of smoke," whereupon Kathy advised the officers, according to their testimony, that "she didn't have that much but she would show us what she had." Both officers also testified that Kathy went *outside* the dwelling and returned with a cigar-type box containing "nine baggies of marihuana." After Kathy brought the marihuana in, the purchase price for the substance was agreed upon between the officers and Kathy at $250. One of the officers gave Kathy $150 in two bills and the other officer gave Hargett a one hundred dollar bill. Kathy then handed the nine baggies of marihuana to Officer Henderson. According to the officers' testimonies, Hargett was present in the house during the entire transaction; that Kathy, after receiving the money, gave it to Hargett; that Hargett told Kathy to get the officers a "big plastic ziplock bag to put the marihuana in." The officers also testified that Hargett told them that if they wanted to buy "a quarter ... or half pound of marihuana," they could get it for them. It is undisputed that Kathy made the actual transfer of the marihuana to Henderson, and that Hargett never handled the same. The evidence is sufficient to prove that Hargett bore criminal responsibility as a party to the offense committed by his wife, but that theory was not submitted to the jury, and the conviction cannot rest thereon.[2] The evidence that Hargett received

---

1. Palestine police officers Marvin Crain and Pat Henderson.

2. Tex.Code Crim.Proc.Ann. art. 36.13 provides that the jury "is bound to receive the law from the court and be governed thereby." That provi-

sion has been construed to mean that a jury cannot convict a defendant of an offense not submitted to it by the court. *See Idrogo v. State*, 589 S.W.2d 433, 434 (Tex.Cr.App.1979). It follows logically that the jury without proper in-

all the purchase money for the marihuana after its delivery is not in our judgment sufficient to sustain the verdict. Viewing the evidence in a light most favorable to that verdict, we cannot conclude that rational jurors could find each essential element of the alleged offense beyond a reasonable doubt. The judgment is reversed, and, as required by *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 51 L.Ed.2d 15 (1978), we order an acquittal. *Franklin v. State,* 659 S.W.2d at 834.

structions from the court on the law of parties in this case, was not authorized to determine that the words, acts, and conduct of Hargett

rendered him criminally responsible for the delivery of the marihuana by his wife.