Billy Herbert HARGETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 1265–86.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1987.

Appeal from 173rd Judicial District, Henderson County; Jack H. Holland, Judge.

Petition for discretionary review from Twelfth Court of Appeals, 12th Supreme Judicial District.

Billy Herbert Hargett, pro se.

Billy M. Bandy, Dist. Atty., Athens, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

State's petition for discretionary review refused.

McCORMICK, Judge, dissents joined by W.C. DAVIS and WHITE, JJ.

McCORMICK, Judge, dissenting.

Appellant was convicted of delivery of marihuana. The Tyler Court of Appeals reversed the judgment of the trial court and entered an order of acquittal. *Hargett v. State*, 718 S.W.2d 923 (Tex.App.-Tyler, 1986). The Court of Appeals found that, though the evidence was sufficient to prove appellant's criminal responsibility as a party, since the trial judge did not instruct the jury on the law of parties, appellant could not be convicted as a party and should be acquitted because the evidence was insufficient.

The indictment alleged that appellant did "... knowingly and intentionally deliver by actual transfer a useable quantity of marihuana ... to Pat Henderson, for remuneration." Evidence presented at trial revealed that sometime in February, 1984, Marvin Crain and Pat Henderson, two Palestine police officers working undercover, went to the home of appellant and his wife, Kathy, for the purpose of purchasing marihuana.

After admitting the officers into the residence and introducing them to appellant, Kathy determined that the officers were there to buy marihuana. Kathy then went outside and returned with nine baggies of marihuana. After agreeing to a purchase price of $250, Henderson handed Kathy $150 and Crain handed appellant $100. Kathy then handed the $150 she received to appellant and, following appellant's instruction, retrieved a plastic ziplock bag to hold the marihuana. Appellant also told the officers that additional quantities of marihuana could be gotten if they wanted it.

The trial court did not instruct the jury on the law of parties, and there were neither objections lodged against the charge nor any requested instructions. The Court of Appeals concluded that the criminal offense of delivery of marihuana by actual transfer was shown to have been committed, and that the appellant was shown to have been guilty of the offense as a party, but the Court of Appeals held that the trial court's failure to charge the jury on the law of parties required reversal and the entry of an order of acquittal.

As noted above, appellant made no objection to the charge. Recently, in *Fain v. State*, 725 S.W.2d 200 (Tex.Cr.App.1986), we held that when the jury charge fails to correctly set forth the theory of the case presented, the error is trial error. Measured by *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984), there was no reversible error resulting from the failure to charge on the law of parties.

> "Even prior to *Almanza*, this Court held that failure to apply the law of parties to the facts of the case is not fundamental error and, absent a timely objection, no error is shown. *Jaycon v. State*, 651 S.W.2d 803 (Tex.Cr.App.1983); *Wallace v. State*, 618 S.W.2d 67 (Tex.Cr. App.1981); *Romo v. State*, 698 S.W.2d 298 (Tex.Cr.App.1978)." *Cordova v. State*, 698 S.W.2d 107, at 113, (Tex Cr. App.1985).

Clearly, under the facts of this case, no egregious harm has been shown.

Not only did the Court of Appeals err in ordering an acquittal for perceived error, no error at all has been shown.

To the failure of the majority to follow clear precedent and the failure to grant the instant petition for discretionary review, I dissent.

W.C. DAVIS and WHITE, JJ., join in this dissent.