AFFIRM; Opinion Filed December 4, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01149-CR

## GEORGDAN JERMAINE WILSON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-14866-M

# MEMORANDUM OPINION

Before Justices Morris, Moseley, and Myers
Opinion By Justice Moseley

Georgdan Jermaine Wilson pleaded not guilty by reason of insanity to the charge of aggravated assault with a deadly weapon, causing serious bodily injury, and involving family violence. The jury found him guilty of the offense as charged in the indictment and assessed punishment at fifty-two years' imprisonment and a $10,000 fine. Wilson raises two issues on appeal: (1) the trial court erred by admitting evidence of extraneous offenses; and (2) the trial court erred by resubmitting the jury charge after the jury had returned a finding of guilt on an incorrect verdict form. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The record indicates that on October 30, 2009, Wilson stabbed his wife, Kilani Walker, twelve times with a large kitchen knife. Walker suffered a punctured lung, an injury to her pericardium, and a severed tendon in her index finger. She was nevertheless able to jump out a window and call for help.

Wilson offered evidence from a psychologist that he was bipolar and had a psychotic disorder. The psychologist testified that Wilson was delusional at the time of the offense and that Wilson thought his conduct was "morally justified," but the psychologist admitted Wilson did not meet the legal definition of insanity because he knew his conduct was wrong.

After the defense rested, the State offered evidence of prior threats and bad acts by Wilson toward Walker. Wilson objected that the evidence was not relevant and was unfairly prejudicial. The trial court overruled the objections. Walker testified that during a phone call in September or October 2009, Wilson threatened to kill her if he found her with someone else. She also testified that sometime in October 2009, Wilson was angered when he found modeling pictures of her on a flash drive and he gave her a black eye. On October 27, 2009, Walker woke up to find Wilson going through her purse and phone. He picked up a knife, but put it down and threw a glass at her. She escaped and called police. Wilson was arrested. He was released and returned home the night of October 29, 2009.

Wilson contends the trial court abused its discretion by admitting this evidence because it was not relevant to rebut his insanity defense and it was unfairly prejudicial. *See* TEX. R. EVID. 403, 404(b). The State argues the evidence was relevant to prove intent or motive and was not unfairly prejudicial.

An issue in this case was whether Wilson could form the intent necessary to commit the offense even if he did not meet the legal definition of insanity. Thus, the State needed the rebuttal

evidence to prove intent apart from negating the insanity defense. The trial court did not abuse its discretion by finding the evidence was relevant to prove intent or motive. *See* TEX. R. EVID. 404(b); *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) ("appellant's [insanity] affirmative defense does not relieve the State from its burden of proving all the elements beyond a reasonable doubt").

Relevant evidence may be excluded if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403; *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (listing factors in balancing analysis required by rule 403). The trial court must balance the probative force of and the proponent's need for the evidence against any tendency the evidence has to suggest an improper basis for decision, to confuse or distract from the main issues, or to be given undue weight by a jury not equipped to evaluate its probative force, and the likelihood of consuming an inordinate amount of time or repeating evidence already admitted. *Gigliobianco*, 210 S.W.3d at 641–42.

The evidence at issue was probative of Wilson's intent and indicated the nature of his relationship with Walker in the days leading up to the offense. The evidence did not consume a significant amount of time and was not cumulative of other evidence. Although Wilson argues the evidence painted him as a violent abusive husband, given the violence of the actual offense compared to the prior acts, it is unlikely the evidence impressed the jury in an irrational and indelible manner. *See Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010) ("Rule 403 does not require exclusion of evidence simply because it creates prejudice; the prejudice must be 'unfair.'"), *cert. denied,* 131 S. Ct. 2966 (U.S. 2011). We cannot say the trial court abused its discretion by admitting the evidence. *See Gigliobianco*, 210 S.W.3d at 642–43. We overrule Wilson's first issue.

Wilson's second issue contends the trial court erred by resubmitting the guilt/innocence charge after the jury returned a finding of guilt on an incorrect verdict form. He contends the jury found him guilty of a lesser included offense of assault and he should have been acquitted of the aggravated assault offense.

The jury charge instructed the jury on aggravated assault with a deadly weapon, causing serious bodily injury, and involving family violence as charged in the indictment. The charge did not include an instruction on any lesser included offenses. However, the verdict form originally submitted to the jury stated, "We, the jury, find the defendant guilty of the offense of assault family violence enhanced as charged in the indictment." The jury found Wilson guilty using this form. The trial court polled the jurors and they each confirmed their verdict was guilty. The State then presented its first witness at the punishment phase.

On the next day of trial, outside the presence of the jury, the trial court proposed submitting the guilt/innocence charge to the jury with a revised verdict form stating, "We, the jury, find the defendant guilty of the offense of aggravated assault with a deadly weapon, serious bodily injury family violence as charged in the indictment." Wilson objected to resubmitting the charge with the revised verdict form, arguing that the jury found him guilty of assault with family violence enhanced and he had not been charged with that offense. Wilson requested a directed verdict of not guilty or a mistrial. The trial court denied these requests.

The trial court told the jury there had been an error in the jury charge and submitted the charge on guilt/innocence with the revised verdict form to them. The jury retired to deliberate. A few minutes later, the jury returned a finding of guilty on the revised verdict form.

Our first duty in analyzing a jury charge issue is to decide whether error exists. *Middleton v. State,* 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *see also Ngo v. State,* 175 S.W.3d 738, 743

–4–

(Tex. Crim. App. 2005). If we find error, we apply the appropriate harm analysis depending on whether the error was preserved in the trial court. *See Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010) (all jury-charge errors are cognizable on appeal, but unobjected-to error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm"); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). A verdict form is part of the charge and an error in the verdict form is reviewed for harm under the *Almanza* standard. *Jennings*, 302 S.W.3d at 307, 311.

Wilson contends the finding on the incorrect verdict form was a finding of guilt on a lesser included offense and an acquittal on the greater offense. We disagree. First, no lesser included offense was submitted to the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 37.01 (West 2006) (defining verdict as a "written declaration by a jury of its decision of the issue submitted to it in the case"). The charge instructed the jury on the offense of aggravated assault with a deadly weapon, causing serious bodily injury, and with family violence as charged in the indictment. The charge instructed the jury on Wilson's insanity affirmative defense, and included the following instruction:

> Under the instructions given you herein, you will state in your verdict whether you find the defendant "guilty," or "not guilty," or "not guilty by reason of insanity" of the offense of aggravated assault as charged in the indictment and you will make no finding in this verdict as to punishment.
>
> If you do not so believe, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict "not guilty."

The finding on the incorrect verdict form was not a finding on a lesser included offense because none was submitted to the jury.

Second, there is no evidence in the record that "would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App.

1994)). In denying Wilson's request for a directed verdict or for a mistrial, the trial court stated that no lesser included offense instruction had been submitted to the jury and the evidence did not raise a lesser included offense. There is no evidence the knife used was not a deadly weapon or that Walker did not suffer serious bodily injury.

In addition, the trial court may withdraw and correct a jury charge if convinced the charge is erroneous. *See Smith v. State,* 898 S.W.2d 838, 854–55 (Tex. Crim. App. 1995); *Jackson v. State,* 656 S.W.2d 673, 674 (Tex. App.—Fort Worth 1983, no pet.) (trial court did not commit harmful error by submitting correct verdict form after jury returned guilty finding on incorrect verdict form). Where the defendant elects to have the jury assess punishment, the verdict is not complete until the jury has rendered a finding "on both the guilt or innocence of the defendant and the amount of punishment." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(c) (West Supp. 2012). Thus, at the time the trial court resubmitted the guilt/innocence charge, the verdict was not complete as to punishment. The trial court did err by withdrawing the charge and correcting the error in the verdict form.

We conclude the trial court did not err by denying Wilson's request for a directed verdict or a mistrial and that there is no error in the jury charge. We overrule Wilson's second issue.

We affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
111149F.U05

–6–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GEORGDAN JERMAINE WILSON, Appellant

No. 05-11-01149-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-14866-M).
Opinion delivered by Justice Moseley, Justices Morris and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2012.

_____
JIM MOSELEY
JUSTICE